## COMMONWEALTH v. GEORGE WEBSTER.

**Indictment—Including Two Separate Offenses—Lottery.**

On examination of the indictment in this case, it will be seen that two offenses are attempted to be charged, but it failed to apprise the defendant for which offense he was to be tried. *Held*, The acts which are relied on as constituting the offense were not stated in such a manner as to enable the party accused to know for what particular offense he is to be tried.

APPEAL FROM LOUISVILLE CITY COURT.

January 8, 1872.

OPINION OF THE COURT BY JUDGE PETERS:

Appellee was indicted under art. 21, ch. 28, volume 1, p. 405, R. S., for unlawfully promoting a lottery and other things committed as follows: The said George Webster in said State, county, and city on the — day of July, A. D. 1871, and before the finding of this bill, did unlawfully manage, and promote a lottery, and aid in the vending and disposing of divers tickets written, and printed, for lucre, profit, gain, money national bank bills, and notes, treasury notes, and bills of the United States, lottery tickets, the said lottery being for money, and other things of value, and did unlawfully promote, and manage by advice of counsel and aid, and authorize, procure, encourage and command divers and sundry persons to-wit: S. Rothchild, Jared Bull, T. T. Simpson, Jas. Douglass, Jas. J. Douglass, S. N. Stell, J. S. Cave, C. A. Cann, S. Leebennan, B. A. Blötcher, D. W. German, Tom Pain, M. Kendrick, G. W. Ford, G. Coyle, W. Downing, to sell and dispose of and vend said tickets, the same being in the Kentucky State lottery, sometimes called the Frankfort lottery, and the said persons named in pursuance of said advice, command, afterwards to-wit: On the — day of July, 1871, did sell, and dispose of to J. S. Cave lottery and policy tickets for money and other things, the same purporting and being intended to entitle the holder to a prize, and share of an interest in a prize contrary to the statute, etc.

To this indictment a demurrer was sustained, and the Commonwealth has appealed.

Two distinct offenses are created, and clearly defined by the statute. The first section provides that whoever shall set up, draw, manage, or otherwise promote any lottery for money or other thing or dispose of, or promote the disposing of any money or thing of value by way of lottery, or aid in doing either of said offenses shall be fined from one hundred to ten thousand dollars.

Section 11 provides, that whoever shall write, print, vend or have in possesison, with intent for himself or another to sell, or offer to sell, negotiate, exchange or dispose of any ticket, share of a ticket, or any writing, certificate, token or device, purporting or intended to entitle the holder, bearer, or any other person to any prize, or any share, or any interest in any prize, to be drawn in any lottery in or out of this *State* shall be fined for every such offense from one hundred to one thousand dollars.

By even a slight examination of the indictment in this case it must be seen that, both offenses are attempted to be charged, but fails to apprize the defendant for which offense he was to be tried. He might be prepared to defend the one, and be tried for the former.

Nor can the one offense defined in the two sections be deemed a degree of the same offense under *section 259, Criminal Code.*

The acts which are relied on as constituting the offense are not stated in such a manner as to enable the party accused to know for what particular offense he is to be tried, and consequently the indictment is not sufficient. Wherefore, the judgment is *affirmed.*

*Bramlette, Bullitt, Bullitt & Harris, for appellee.*
*Ramsey, for appellant.*